IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRISTINA LIVINGSTON,

    Plaintiff,

v.                                                                              No. 2:21-cv-853 KG/KRS

MISSION SUPPORT SERVICES, LLC, et al.,

    Defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR MODIFICATION OF SCHEDULING ORDER

THIS MATTER is before the Court on Defendants' Motion for Modification of Existing Scheduling Order, (Doc. 30), filed December 23, 2022.  Plaintiff filed a response on January 6, 2023, and Defendants filed a reply on January 20, 2023.  (Docs. 31 and 35).  Having considered the Motion, relevant law, and record of the case, the Court grants Defendants' Motion for Modification of Existing Scheduling Order.

On May 18, 2022, the Court issued a Scheduling Order setting a discovery deadline of November 15, 2022, and other associated deadlines.  (Doc. 23).  Plaintiff served written discovery requests on Defendants on September 26, 2022 and October 11, 2022, and Defendants served Plaintiff with discovery requests also on October 11, 2022.  (Doc. 30) at 2.  Defendants state that they contacted Plaintiff's counsel on October 25, 2022 to discuss extending the discovery deadline to allow time to schedule Defendants' depositions.  *Id.*; (Doc. 30-1) at 3.  Plaintiff's counsel initially stated he was not opposed to extending the discovery deadline and Defendants' counsel sent a draft of an unopposed motion to Plaintiff's counsel on October 27, 2022.  (Doc. 30-1) at 4.  On November 11, 2022, Defendants' counsel sent Plaintiff's counsel a draft proposed order.  (Doc. 30-1) at 6.  Defendants' counsel states that he tried to reach Plaintiff's counsel several times to obtain approval on the proposed order, and Defendants'

counsel states he did not file the motion for extension after learning from Plaintiff's counsel's assistant that Plaintiff's counsel was out of the office due to a medical procedure. (Doc. 30) at 2. Defendants' counsel tried to contact Plaintiff's counsel again on November 28, 2022 and was told Plaintiff's counsel was still out of the office. *Id.* at 3; (Doc. 30-1) at 9.

The Court held a status conference on December 16, 2022, at which time Defendants' counsel informed the Court of the need for an extension of the discovery deadline to obtain additional discovery from Plaintiff and take depositions. The Court set deadlines for Plaintiff's counsel to notify Defendants' counsel whether Plaintiff opposed extending the parties' deadlines, and for Defendants' counsel to file a motion setting forth good cause for an extension. (Doc. 28) (Clerk's Minutes). On December 19, 2022, Plaintiff's counsel informed Defendants' counsel that Plaintiff opposes extending the pretrial deadlines. (Doc. 30) at 3; (Doc. 30-1) at 10.

In their Motion, Defendants state they need additional time for discovery due to unforeseen witness scheduling conflicts and the need for additional discovery to meaningfully participate in mediation. (Doc. 30) at 4. Defendants ask for an extension of the discovery deadline to March 23, 2023, discovery motions deadline to April 7, 2023, and dispositive motions deadline to April 21, 2023. *Id.* Defendants explain they "intended to file this motion over one month ago," during which time they were trying to obtain Plaintiff's counsel's approval and to be patient with his health issue. *Id.* at 3. Defendants also thought the extension was unopposed, but that approval has been withdrawn. *Id.*

Plaintiff opposes the Motion because "Defendants have not responded to Discovery propounded to them on September 13, 2022 despite repeated requests for extension [sic] of time," and "because Defendants have failed and refused to provide dates for the depositions of the named Defendants even though Plaintiff set out multiple dates for their approval." (Doc. 31) at 1. Plaintiff's counsel states he initially approved the requested extension but Defendants

failed to file the motion, and Defendants have failed to produce discovery responses and "simply have not timely engaged in this litigation." *Id.* at 3.

In reply, Defendants state that Plaintiff's counsel agreed to one extension of time for Defendants to respond to Plaintiff's discovery requests, but Defendants did not receive a response from opposing counsel agreeing to a second extension. (Doc. 35) at 1-2. Defendants' counsel states that they "were unable to file a joint motion without receiving approval from opposing counsel agreeing to both the motion and the proposed order." *Id.* at 3. After learning Plaintiff opposed the extension, Defendants filed the motion to extend, and they ask the Court to extend the parties' deadline as set forth in the Motion. *Id.* at 4.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16. Defendants provide emails and records of attempted communications with Plaintiff's counsel which demonstrate efforts to determine whether the proposed extension was opposed. Defendants further state that they refrained from filing their motion to extend because they were told that Plaintiff's counsel was unable to respond to due to health issues. However, had Defendants filed the motion, even with an explanation that Plaintiff had not clearly consented to the extension, the Court could have addressed the issue much earlier. Defendants' delay in filing their motion until well after the discovery deadline ran would normally preclude a finding of good cause for an extension. Nevertheless, Defendants were unable to get a clear answer from Plaintiff regarding consent to the extension. Moreover, Plaintiff's counsel now states that he agreed with the extension when Defendants first asked for it, but has now withdrawn consent because Defendants have not timely responded to Plaintiff's discovery requests. That issue is not before the Court, however, because Plaintiff has not filed a motion to compel.

Therefore, considering the lack of progress in discovery by either party in this case, the Court will allow the short extension of the parties' deadlines as requested by Defendants. The parties' pretrial deadlines are extended as follows:

1. Termination of discovery:  **March 23, 2023**;

2. Motions relating to discovery:  **April 7, 2023**;

3. Dispositive motions:  **April 21, 2023**.

The Court instructs the parties to work together to produce all outstanding discovery and complete depositions by this new deadline. The Court will set a status conference to reset the settlement conference by separate order.

_____
KEVIN R. SWEAZEA
UNITED STAGES MAGISTRATE JUDGE